**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **DSF LUX INTERNATIONAL, S.A.R.L.,** | § | |
| **F/K/A DSF LUX INTERNATIONAL,** | § | |
| **SECS, ET AL.** | § | |
| | § | |
| **V.** | § | **A-07-CA-742 LY** |
| | § | |
| **SPECIALIZED FINANCE PARTNERS,** | § | |
| **L.L.C.,  ET AL.** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE LEE YEAKEL
       UNITED STATES DISTRICT JUDGE

Before the Court are Plaintiff's Motion for Partial Summary Judgment, filed on February 7, 2008 (Clerk's Doc. No. 16), Defendants Specialized Finance Partners, L.L.C., Cortez Finance Partners, L.P., and Cortez G.P., L.L.C.'s Response to Plaintiff's Motion for Partial Summary Judgment, filed on February 19, 2008 (Clerk's Doc. No. 20), Defendants' Opposed Motion for Continuance of Plaintiff's Motion for Partial Summary Judgment, filed on February 25, 2008 (Clerk's Doc. No. 22), Plaintiff's Reply in Support of Motion for Partial Summary Judgment, filed on February 27, 2008 (Clerk's Doc. No. 25), Plaintiff's Response to Motion for Continuance, filed on March 4, 2008 (Clerk's Doc. No. 28), Plaintiff's Objections to Defendants' Summary Judgment Evidence, filed on March 4, 2008 (Clerk's Doc. No. 29), and Defendants Specialized Finance Partners, L.L.C., Cortez Finance Partners, L.P., and Cortez G.P., L.L.C.'s Response to Plaintiff's Objections to Defendants' Summary Judgment Evidence, filed on March 17, 2008 (Clerk's Doc. No. 36).

On April 4, 2008, the District Court referred the foregoing to the undersigned Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(A) & (B), Federal Rule of Civil Procedure 72, and Rule 1(c) & (d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.  After reviewing the parties' briefs, relevant law, as well as the entire case file, the undersigned issues the following Report and Recommendation to the District Court.

## I.  BACKGROUND

This case arises from an agreement entered into between Cross Atlantic Investors, Deutsche Structured Finance, GmbH, Specialized Finance Partners, L.L.C. ("Specialized"), Specialized Mortgage Finance Partners, L.L.C., and International Mortgage & Investment Group, L.L.C. (the "Cooperation Agreement"), under which these entities agreed among other things to cooperate in the marketing and origination of loans to individuals buying second and vacation homes in Mexico.  The parties planned for the loans to be pooled and sold to German investors through limited partnership interests in a German entity that owned a limited partnership interest in South Shore Mortgage Trading Partners, L.P. ("South Shore"), which held the loans.  The parties' business plan did not work out as they had envisioned and the relationship between them deteriorated.  One of the disputes between the parties concerned office space in Austin, Texas, which was leased by South Shore in anticipation of an office sharing arrangement between it, Specialized, and Cortez Finance Partners, L.P. ("Cortez"), an entity related to Specialized.  Certain events made the office sharing arrangement unfeasible.  As a result, Specialized and Cortez entered into an agreement ("Settlement Agreement") to resolve the dispute concerning the cost of leasing the space.  Under the Settlement Agreement,

Specialized and Cortez agreed to pay South Shore $57,000.00.  No party disputes the fact that the money was never paid.

## II.  ANALYSIS

### A.  Summary Judgment Standard

Under Federal Rule of Civil Procedure 56, a motion for summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).  "An issue is material if its resolution could affect the outcome of the action." *Commerce and Indus. Ins. Co. v. Grinell Corp.*, 280 F.3d 566, 570 (5th Cir. 2002). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  When ruling on a motion for summary judgment, courts must view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986).  Furthermore, courts "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment.  *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

"[T]he nonmovant must respond to the motion for summary judgment by setting forth particular facts indicating that there is a genuine issue for trial." *Caboni v. Gen. Motors Corp.*, 278 F.3d 448, 451 (5th Cir. 2002).  The nonmovant may not rely on mere allegations in the pleadings. *Id.*  Unsupported allegations or affidavit or deposition testimony setting forth ultimate or conclusory facts and conclusions of law are insufficient to defeat a proper motion for summary judgment. *Duffy v. Leading Edge Prods., Inc.,* 44 F.3d 308, 312 (5th Cir. 1995).  Rather, the nonmoving party must

set forth specific facts showing the existence of a "genuine" issue concerning every essential component of its case. *Lusk v. Foxmeyer Health Corp.*, 129 F.3d 773, 777 (5th Cir. 1997).  The standard of review "is not merely whether there is a sufficient factual dispute to permit the case to go forward, but whether a rational trier of fact could find for the non-moving party based upon the record before the court." *James v. Sadler*, 909 F.2d 834, 837 (5th Cir. 1990) (citing *Matsushita Elec. Indus. Co.*, 475 U.S. at 587).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248.  Disputed fact issues that are "irrelevant and unnecessary" will not be considered by the Court. *Id.*  If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

### B. Defendants' Rule 56(f) Motion

Defendants seek to continue consideration of Plaintiff's Motion for Partial Summary Judgment ("Motion") pursuant to Federal Rule of Civil Procedure 56(f).  In Defendants' Opposed Motion for Continuance of Plaintiff's Motion for Partial Summary Judgment ("Motion for Continuance"), Defendants contend they need additional time to discover essential facts necessary to oppose the Motion and that the Court should refrain from ruling on the Motion until they have had a chance to conduct discovery.  Defendants seek discovery related to the parties' intent regarding the Settlement Agreement, Plaintiffs' alleged misconduct regarding a contractual condition, and the relationship between the Settlement Agreement and the Cooperation agreement.  In response, South Shore contends that the affidavit in support of the Motion for Continuance is insufficient,

Defendants' allegations are not material to the issues presented in the Motion, and that Defendants have had sufficient time to gather necessary evidence.

Rule 56(f) provides that if a party opposing a motion for summary judgment "shows by affidavit that, for specified reasons, it cannot present facts essential to justify its position, the court may: (1) deny the Motion; (2) order a continuance . . . ; or (3) issue any other just order." FED. R. CIV. P. 56(f).  A party opposing summary judgment under Rule 56(f) must demonstrate: (1) why additional discovery is needed and (2) how the additional discovery will likely create a genuine issue of material fact. *Brown v. Miss. Valley State Univ.*, 311 F.3d 328, 333 n.5 (5th Cir. 2002).  Rule 56(f) motions are generally favored and should be liberally granted. *Id*.  "Where the evidence that the non-moving party contends will create a genuine issue for trial is in the exclusive possession of the moving party, a continuance of a motion for summary judgment for purposes of discovery should be granted almost as a matter of course." *Id*.  Nevertheless, district courts have considerable discretion in ruling on motions to suspend summary judgment pending discovery. *In re Segerstrom*, 247 F.3d 218, 228 n.9 (5th Cir. 2001).  Importantly, a party seeking a Rule 56(f) continuance "must be able to demonstrate how postponement and additional discovery will allow him to defeat summary judgment; it is not enough to 'rely on vague assertions that discovery will produce needed, but unspecified, facts.'" *Stearns Airport Equip. Co., Inc. v. FMC Corp.*, 170 F.3d 518, 535 (5th Cir. 1999) (quoting *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir.1990)).

In the present case, Defendants have failed to identify the specific discovery necessary to adequately respond to the Motion.  There is no satisfactory explanation in the record as to how additional discovery will enable Plaintiff to defeat partial summary judgment.  In addition, the Court notes there has been ample time for discovery, considering this case was filed on August 30, 2007.

The failure to diligently pursue discovery, combined with the failure to adequately identify why additional discovery is needed and how it will likely create a genuine issue of material fact, is fatal to Plaintiff's argument.  Moreover, as discussed below, the Settlement Agreement is clear and unambiguous.  The broad subjects on which Specialized and Cortez claim they need discovery are immaterial to the issues presently before the Court because the plain language of the Settlement Agreement does not condition performance on the occurrence alleged by Defendants.  Therefore, evidence related to the intent of the parties and the prior Cooperation Agreement is irrelevant and may not be considered by the Court.  Accordingly, the Court recommends that Plaintiff's Motion for Continuance be denied.

### C.  South Shore's Breach of Contract Claim

In Plaintiff's Motion for Partial Summary Judgment ("Motion"), South Shore seeks summary judgment on its breach of Settlement Agreement claim against Specialized and Cortez.  According to South Shore, Specialized and Cortez failed to pay it $57,000.00 as promised.  South Shore also seeks to hold Cortez G.P., L.L.C. ("Cortez G.P.") jointly and severally liable, as it is the general partner of Cortez.  Finally, South Shore claims it is entitled to attorneys' fees and pre and post-judgment interest.  In response, Specialized and Cortez argue South Shore is not entitled to summary judgment for three reasons.  First, they claim payment under the Settlement Agreement was contingent upon the sale of a mortgage pool.  Second, Specialized and Cortez argue South Shore's alleged "misconduct" and breach of the Cooperation Agreement excused their performance under the Settlement Agreement.  Last, they contend summary judgment is premature because issues related to alleged breaches of the Cooperation Agreement are inextricably intertwined with their

defenses to the alleged breach of the Settlement Agreement.  As part of their third argument, Specialized and Cortez also contend no portion of this case should be severed.

Neither party disputes that Texas law applies to the Settlement Agreement.  Under Texas law, the elements of a breach of contract claim are "(1) the existence of a valid contract; (2) performance by the plaintiff; (3) breach of the contract by the defendant; (4) damages sustained by the plaintiff as a result of the breach."  *Sport Supply Group, Inc. v. Columbia Cas. Co.*, 335 F.3d 453, 455 (5th Cir. 2003).  "The primary concern of a court in construing a written contract is to ascertain the true intentions of the parties as expressed in the instrument."  *Texas v. Am. Tobacco Co.*, 463 F.3d 399, 407 (5th Cir. 2006).  The issue of whether a contract is ambiguous is a questions of law.  *Id.* at 406. "If a written contract is worded such that it can be given a definite or certain legal meaning, then it is not ambiguous."  *Id*. at 407.  "When parties disagree over the meaning of an unambiguous contract, '[t]he intent of the parties must be taken from the agreement itself, not from the parties' present interpretation, and the agreement must be enforced as written.'" *Id.* (quoting *Purvis Oil Corp. v. Hillin*, 890 S.W.2d 931, 935 (Tex. App.–El Paso 1994, no writ)).  Courts interpreting an unambiguous written contract may not consider extrinsic evidence in order to find an ambiguity.  *Id.* Instead, courts must look to the four corners of the agreement.  *Id.*

In the present case, the Settlement Agreement is clear and unambiguous.  It required Specialized and Cortez "to pay [South Shore] no later than on the date which falls 130 days after the date on which you issue the first Pool Origination Notice to Cortez . . . the sum of US\$ 57,000 (the 'Settlement Sum')."  *See* Settlement Agreement, attached as "Exhibit B" to Plaintiff's Motion for Summary Judgment, at p. 1.  The Pool Origination Notice identified in the Settlement Agreement was issued on January 22, 2007.  *See* Affidavit of Dustin Williamson ("Williamson Aff."), attached

as "Exhibit A" to Plaintiff's Motion for Summary Judgment, at ¶ 6.  Therefore, May 22, 2007 was the deadline for payment.  *See* Williamson Aff. at ¶ 6.  However, no payment was ever made to South Shore by Specialized or Cortez.  *See* Williamson Aff. at ¶ 6.  Specialized and Cortez do not dispute that the Pool Origination Notice was issued on January 22, 2007.  *See* Defendant's Original Answer at ¶ 73.  They concede they did not make the $57,000.00 payment to South Shore.  *See* Defendant's Original Answer at ¶ 73.  Moreover, neither Specialized, nor Cortez, has submitted any evidence refuting the elements of South Shore's breach of contract claim.  Therefore, South Shore is entitled to judgment as a matter of law on its breach of Settlement Agreement claim.

None of the arguments presented by Specialized and Cortez require denial of the Motion. The first argument asserted by Specialized and Cortez in response to South Shore's Motion is that payment under the Settlement Agreement was contingent upon Cortez's successful origination and sale of a mortgage pool.  In support of this argument, Specialized and Cortez rely on the language of the Settlement Agreement and affidavit testimony of Manfred Knoll explaining the circumstances surrounding the Settlement Agreement and contingent nature of the Settlement Agreement.  The Court is of the opinion that Specialized and Cortez' interpretation of the Settlement Agreement is flawed.  They misread the plain language of the Settlement Agreement.  While the Settlement Agreement references the retention of funds as a method to discharge the amount due, the language that the "[p]ayment of the Settlement Sum ***can*** be discharged by retention . . ." reveals that this is merely one possible method of payment, rather than a condition precedent.  *See* Settlement Agreement at p. 1 (emphasis added).  As noted by South Shore, the only condition in the Settlement Agreement is the issuance of the Pool Origination Notice.  Moreover, because the language of the Settlement Agreement is clear and unambiguous, the Court may not consider the parties'

8

interpretations of the agreement or extrinsic evidence, but instead must enforce the agreement as written. *Am. Tobacco Co.*, 463 F.3d at 407.  For this reason, to the extent the affidavit of Manfred Knoll attempts to vary or contradict the terms of the Settlement Agreement, South Shore's objection to the affidavit should be sustained.  *See Pennzoil Co. v. F.E.R.C.*, 645 F.2d 360, 388 (5th Cir. 1981) ("[t]he parol evidence rule excludes extrinsic evidence offered to vary or contradict, rather than explain and interpret" the terms of an agreement).  Parol evidence may only be considered after a contract is found to be ambiguous.  *Am. Tobacco Co.*, 463 F.3d at 407.  The plain language of the Settlement Agreement reveals that payment was due 130 days after the issuance of the Pool Origination Notice.  No other conditions regarding the payment exist in the Settlement Agreement. Accordingly, based on the express terms of the Settlement Agreement, Specialized and Cortez' argument must be rejected.

        The second argument by Specialized and Cortez is that South Shore and DSF's "misconduct" and breach of the Cooperation Agreement excuses them from performance of the Settlement Agreement.  Their argument consists mainly of citations to inapplicable case law and conclusory statements that existing fact questions will be resolved in their favor.  Specialized and Cortez contend that "Plaintiffs' failure to inform each other of key terms that were crucial to the success of the [t]ransaction caused it to fail; and Plaintiffs' failure to provide advances to Cortez prevented Cortez from generating a loan pool."  *See* Defendants Specialized Finance Partners, L.L.C. , Cortez Finance Partners, L.P., and Cortez GP, L.L.C.'s Response to Plaintiff's Motion for Partial Summary Judgment at p. 6.  As previously explained, the Settlement Agreement was not contingent on the generation of a loan pool.  Accordingly, the issue of whether or not South Shore failed to provide advances to create one is of no consequence to performance of the Settlement Agreement.  Their

contentions regarding South Shore's alleged misconduct appear to deal exclusively with the Cooperation Agreement rather than the Settlement Agreement.  Importantly, they do not offer any summary judgment evidence that South Shore actually engaged in misconduct or breached the Cooperation Agreement.  Conclusory allegations are insufficient to defeat summary judgment, and the failure of Specialized and Cortez to set forth evidence sufficient to create a genuine issue of material fact is fatal to their position.  Accordingly, the Court also rejects Specialized and Cortez' contention that partial summary judgment should be denied because their performance was excused due to misconduct or breach of the Cooperation Agreement.

The third argument presented by Specialized and Cortez is that partial summary judgment and severance are premature because issues regarding the Cooperation Agreement are inextricably intertwined with their defenses to the Settlement Agreement.  With respect to their argument that summary judgment is premature, the Court rejects Specialized and Cortez' position for the same reasons it denied their Motion for Continuance.  The Settlement Agreement is an agreement separate and apart from the Cooperation Agreement.  The Settlement Agreement in no way conditions performance on any alleged duty required by the Cooperation Agreement.  As for the severance issue, the Court is of the opinion that the issue is not ripe for adjudication.  While South Shore has indicated it may move for severance, it has yet to file a motion requesting the Court sever any portion of this case.  Accordingly, the Court expresses no opinion regarding merits of that issue.

Last, the Court agrees with South Shore's arguments that it is entitled to attorneys' fees and that Cortez GP should be held jointly and severally liable.  Under section 38.001 of the Texas Civil Practice & Remedies Code, the prevailing party in a case involving the breach of an oral or written contract case is entitled to recover attorneys' fees.  TEX. CIV. PRAC. & REM. CODE § 38.001.  In the

present case, South Shore may recover its attorneys' fees because it prevailed on its breach of contract claim and is entitled to damages.  However, the affidavit submitted in support of the award of attorneys' fees estimates fees incurred in preparation for and during oral argument of the Motion. No oral argument was held regarding the Motion.  Accordingly, the Court recommends that counsel for South Shore file an amended affidavit reflecting the precise amount of attorneys fees incurred.

With respect to South Shore's argument that Cortez GP should be held jointly and severally liable, Texas law provides that absent an agreement to the contrary or other applicable law, "a general partner of a limited partnership has the liabilities of a partner without limited partners." TEX. BUS. ORG. CODE § 153.152(b).  In a partnership without limited partners, "all partners are liable jointly and severally for a debt or obligation of the partnership" unless otherwise provided by law or by agreement of the claimant. TEX. BUS. ORG. CODE § 152.304.  In addition, Defendants did not respond to South Shore's argument regarding joint and several liability.  The failure to address an issue raised on summary judgment results in waiver. *Vaughner v. Pulito*, 804 F.2d 873, 877 (5th Cir. 1986) ("if a party fails to assert a legal reason why summary judgment should not be granted, that ground is waived and cannot be considered").  Accordingly, the Court is of the opinion that Cortez GP should be held jointly and severally liable.

### III.  CONCLUSION

Based on the foregoing, the Court is of the opinion that partial summary judgment should be granted in favor of South Shore on its breach of contract claim regarding the Settlement Agreement. Accordingly, South Shore should recover damages in the amount of $57,000.00, attorneys' fees, and pre and post-judgment interest from Specialized, Cortez, and Cortez G.P., jointly and severally.

11

## IV.  RECOMMENDATION

The undersigned Magistrate Court RECOMMENDS that the District Court DENY Defendants' Opposed Motion for Continuance of Plaintiff's Motion for Partial Summary Judgment (Clerk's Doc. No. 22).  The Magistrate Court further recommends that the District Court SUSTAIN Plaintiff's Objections to Defendants' Summary Judgment Evidence (Clerk's Doc. No. 29) to the extent it seeks to alter or amend the terms of the Settlement Agreement.  The Magistrate Court further RECOMMENDS that the District Court GRANT Plaintiff's Motion for Partial Summary Judgment (Clerk's Doc. No. 16), and that South Shore be awarded actual damages in the amount of $57,000.00, attorneys' fees after the filing of an amended affidavit from counsel for South Shore, and pre and post-judgment interest.

## V.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).  To the extent that

a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 14th day of August, 2008.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE